Date signed July 14, 2006



PAUL MANNES
U. S. BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
at Greenbelt

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| HERBERT E. RICHEY, SR. | : | Case No. 05-24003PM |
| | : | Chapter 7 |
| Debtor | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |
| RITA HOLLIDAY | : | |
| f/k/a RITA HOLLIDAY-RICHEY | : | |
| Plaintiff | : | |
| vs. | : | Adversary No. 05-1904PM |
| HERBERT E. RICHEY, SR. | : | |
| Defendant | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |

**MEMORANDUM OF DECISION**

This case is before the court on the Complaint of Rita Holliday, f/k/a Rita Holliday-Richey, Plaintiff, against her former husband, Herbert E. Richey, Sr., Debtor-Defendant. The Complaint is brought pursuant to 11 U.S.C.§ 523(a)(15) that provides as follows:

**§ 523. Exceptions to discharge**

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt--
   *       *       *       *
(15) not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, a determination made in accordance with State or territorial law by a governmental unit unless--
   (A) the debtor does not have the ability to pay such debt

>from income or property of the debtor not reasonably necessary to
>be expended for the maintenance or support of the debtor or a
>dependent of the debtor and, if the debtor is engaged in a business,
>for the payment of expenditures necessary for the continuation,
>preservation, and operation of such business; or
>   (B) discharging such debt would result in a benefit to the
>debtor that outweighs the detrimental consequences to a spouse,
>former spouse, or child of the debtor.

Plaintiff seeks a judgment declaring that the debt in the sum of $24,399.03 is not discharged. This sum is an aggregation of the money judgment in the sum of $13,389.00 contained in the parties' Judgment of Absolute Divorce entered April 1, 2005, by the Circuit Court for Prince George's County, Maryland, that also approved the Voluntary Separation and Property Settlement Agreement executed by the parties on August 1, 2000, as well as an Amendment to that Agreement dated September 19, 2001. In addition to the Judgment, the Plaintiff seeks a ruling in her favor that the following items as set forth in Exhibit No. 23 are not subject to discharge. These are:

| | |
|---|---:|
| Beneficial/Household Finance | $5,956.50 |
| Eagle Trace Loan | 3,105.00 |
| Washington Gas (Final Bill) | 175.20 |
| Verizon (Final Bill) | 73.33 |
| Truck Loan | 1,700.00 |

Pursuant to the Agreement between the parties, these obligations were to be paid by the Defendant to the Plaintiff at the settlement of the sale of their home at 703 Rosemere Avenue, Silver Spring, Maryland. For whatever reason, this payment did not take place, Plaintiff testified that the Defendant created such a scene at the settlement of the sale that she let him be paid the $21,000.00 that would have substantially settled her claim. This testimony was not controverted.

   The Debtor has the burden of proof with respect to this action. *In re Gamble*, 143 F.3d 223 (CA5 1998); *In re Dexter*, 250 B.R. 222 (BC Md. 2000). He has not met this burden. The Defendant claims that, by virtue of a work-related injury, he does not have the ability to pay these debts. He states that his compensation as a corrections officer has ceased. If believed, the Debtor has no income. On the other hand, the Debtor has started a landscaping and lawn care business and has filed an appeal from the denial of worker's compensation benefits based on injuries that he testified that he sustained in his employment as a corrections officer. The court finds that the Debtor has voluntarily impoverished himself. His credibility is suspect, particularly when he

recounts the manner in which he signed the Agreements between the parties, Exhibits No. 1 and 2.  He states that he signed these at his home, without reading them,  at a time of severe stress, while his son was in agony and screaming.  The documents belie this testimony in that they bear the seal of a notary public together with an acknowledgment that the Debtor appeared before the notary and made the oath as stated.  This line of testimony undermines his credibility.

It appears to the court, and the court so finds, that the Debtor was anxious to leave his prior employment and that, in the period prior to obtaining new employment, he intended to be supported by his present wife.  While it is uncontroverted  that Debtor has an obligation to pay child support for a child of a prior marriage, he has not done so.  In any event, this obligation will cease when the child attains majority sometime next year.

Dealing with the individual items claimed by the Plaintiff, the court finds that the Defendant's obligation to Beneficial/Household Finance is merely that he will contribute to the payment of the debt.  No percentage is shown.  Inasmuch as the agreement creating this obligation was prepared by Plaintiff's lawyer, the court finds that this contribution may be construed as a nominal one.  Similarly, Defendant testified that he would do what was necessary to turn over interest in the Eagle Trace timeshare to the Plaintiff.  The court will consider this his responsibility to pay $3,150.00 is satisfied on the condition that he signs over his interest in the property within thirty days from the entry of the judgment.

The Defendant urges that discharging these debts to the Plaintiff would benefit him in a degree that outweighs the detrimental consequences to his former spouse.  The testimony on this point is nearly in equipoise.  However, as stated above, the Defendant has not satisfied his burden of proof.  It is true that Ms. Holliday owns her own home and is employed, but the court finds that the Defendant's situation is in large part self-inflicted.  The court does not propose to penalize the former spouse for living up to her side of the Agreement, nor does the court propose to reward the Defendant for literally holding up the Plaintiff at the time of the settlement of the Rosemere Avenue property.

After consideration of the relevant facts, the court will not allow the full compensation sought by counsel for the Plaintiff pursuant to Paragraph 19 of the Agreement.

An appropriate order will be entered.

cc:
Christopher R. Wampler, Esq., 11300 Rockville Pike, Suite 610, Rockville, MD 20802
Charles P. Bowers, Esq., 4301 Garden City Drive, Suite 300, Landover, MD 20785
Rita Holliday, 9640 Homestead Court, #1, Laurel, MD 20723
Herbert E. Richey, Sr., 2503 Lake Drive, #421, Waldorf, MD 20601
Cheryl E. Rose, Trustee, 50 W. Edmonston Drive, Suite 600, Rockville, MD 20852

**End of Memorandum**